IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AIJAZ GUL PATHAN, *and* ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| Plaintiffs, | § § § | |
| v. | § § | Civil Action No. H-09-1506 |
| BASIT ENTERPRISES, INC. *and* BASIT JALILI, | § § § § | |
| Defendants. | | |

## ORDER

Pending before the Court is Plaintiff Aijaz Gul Pathan's Motion for Entry of Judgment, Liquidated Damages, Post-Judgment Interest, Attorneys' Fees, and Taxable Costs (Document No. 42). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted in part and denied in part.

## BACKGROUND

This case arises from a claim for overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiff Aijaz Gul Pathan ("Pathan") brought suit against Defendants Basit Enterprises, Inc. ("Basit Enterprises") and Basit Jalili ("Mr. Jalili") (collectively, "Defendants") wherein Pathan alleged Defendants employed him as a cashier, clerk at a Citgo-brand gasoline

station (the "Station"). Pathan alleged he worked at the Station from 3 p.m. to 12 a.m.

seven days a week for approximately nine months and was paid $9.00 per hour but

was not compensated overtime pay for those hours worked in excess of forty per

week. Defendants contended they never employed Pathan to work for them. Rather,

they contended that if Pathan worked at the Station, it was during a time when the

Station was leased to an unrelated third-party, and therefore, Defendants were not

Pathan's employers.

On December 3, 2010, the jury returned a verdict in favor of Pathan. The jury

determined that Basit Enterprises or Mr. Jalili was Pathan's employer as that term is

defined under the FLSA. Additionally, the jury determined that Basit Enterprises or

Mr. Jalili failed to pay Pathan $2,794.50 in overtime pay as required by law. Based

on these findings, Pathan now moves for entry of final judgment for overtime wages

due, liquidated damages, post-judgment interest, attorneys' fees, and taxable court

costs.

## LAW & ANALYSIS

*A.    Entry of Judgment*

Pathan moves the Court to enter judgment on the jury's award for overtime

compensation in the amount of $2,794.50. Defendants do not dispute that Pathan

2

prevailed on his FLSA claim.[1]  Thus, the Court grants Pathan's motion for entry of judgment in his favor.

B.    *Liquidated Damages*

Pathan moves the Court to award liquidated damages in an amount equal to the jury's award.  Pathan contends he is entitled to liquidated damages because the jury found Defendants violated the FLSA and the Defendants failed to prove an affirmative good faith defense supported by reasonable grounds.  Defendants oppose Pathan's motion and contend the evidence at trial establishes a good faith defense supported by reasonable grounds.[2]

Under the FLSA, employers must pay their employees overtime compensation for hours worked in excess of forty per week.  *See* 29 U.S.C. § 207(a)(1); *Vela v. City*

---

[1]  The Court notes, however, that following trial, Defendants filed a Renewed Motion for Judgment as a Matter of Law (Document No. 45).  Defendants' arguments contained therein will be addressed in a separate order.

[2]  In addition to their good faith and reasonable grounds defense, Defendants argue Pathan is not entitled to liquidated damages because there was no evidence that Defendants violated the FLSA willfully. Defendants argue that in order to be entitled to liquidated damages, Pathan bears the burden of establishing Defendants violated the FLSA willfully, and because there is nothing in the record concerning whether Defendants acted willfully in failing to pay overtime compensation, Pathan is not entitled to a liquidated damages award. This argument is misplaced.  The Court notes that evidence of willfulness can be used to establish that an employer failed to act in good faith in violating the FLSA. *See, e.g., Singer v. City of Waco*, 314 F.3d 813, 823 (5th Cir. 2003).  However, in moving for liquidated damages, Pathan does not seek to demonstrate Defendants' acted willfully; rather, Pathan merely argues Defendants have failed to satisfied their burden of establishing they acted in good faith supported by reasonable grounds.

*of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).  Additionally, the FLSA states that:

> Any employer who violates . . . section 207 . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b).  Thus, an employer who fails to pay overtime compensation in violation of the FLSA is liable for the amount of unpaid compensation as well as "an additional equal amount as liquidated damages." *Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir. 1998) (citing 29 U.S.C. § 216(b)).  However, an employer may avoid liability for liquidated damages if the employer demonstrates both subjective good faith and objectively reasonable grounds for believing it was not violating the FLSA.  29 U.S.C. § 260; *Solis v. Hooglands Nursery, L.L.C.*, 372 F. App'x 528, 530 (5th Cir. 2010); *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999).  But even if an employer demonstrates both subjective good faith and objective reasonableness, a liquidated damages award remains in the sound discretion of the court.  *Solis*, 372 F. App'x at 530 (citing 29 U.S.C. § 260).

Under § 260, the employer bears a "substantial burden" to prove, by "plain and substantial" evidence, it acted reasonably and in good faith. *Singer v. City of Waco*, 324 F.3d 813, 820 (5th Cir. 2003); *Mireles*, 899 F.2d. at 1415.  Moreover, even when the employer "suspects" it was not in full compliance with the FLSA, there can be no

4

finding of good faith, and it is an abuse of discretion for the district court to deny a request for liquidated damages. *See Bullard v. Babcock & Wilcox Technical Serv. Pantex, L.L.C.*, Civil Action No. 2:07-CV-049-J, 2009 WL 1704251, at *7 (N.D. Tex. June 17, 2009) (citing *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999) ("Because employers cannot act in good faith based on reasonable grounds when they suspect that they are out of compliance with the FLSA, it would have been an abuse of discretion if the district court had *not* awarded liquidated damages.").

In the case at bar, Defendants argue they acted reasonably and in good faith. Defendants argue Mr. Jalili's testimony at trial indicated he was familiar with the FLSA's overtime requirements but that the failure to pay overtime compensation was predicated on Mr. Jalili's belief that he was not Pathan's employer. Specifically, Defendants argue their evidence presented at trial demonstrated Pathan worked at the Station during a period when Mr. Jalili leased the Station to an unrelated third-party, Irfan Fazal, who ultimately employed Pathan. However, based on conflicting testimony and other evidence presented at trial, the jury ultimately found Defendants were Pathan's "employer" as that term is defined by the FLSA. **Defendants point to no other evidence indicating they took "active steps to ascertain the dictates of the FLSA and then move[d] to comply with them."** *See Tran v. Thai*, Civil Action No. H-08-3650, 2010 WL 5232944, at *6 (S.D. Tex. Dec. 16, 2010) (Rosenthal, J.)

(quoting *Chang v. Sung Yue Tung Corp.*, No. 03 Civ 6048, 2007 WL 313483, at *28 (S.D.N.Y. Feb. 1, 2007)). Thus, the Court determines Defendants have not satisfied their burden of proving, by plain and substantial evidence, they acted with a subjective good faith supported by reasonable grounds that they were not in violation of the FLSA. *See id.* Accordingly, because the jury found Defendants violated the FLSA, and because Defendants have failed to demonstrate either good faith or reasonable grounds they complied with the FLSA, the Court determines Pathan is entitled to liquidated damages in "an additional equal amount" as he was awarded by the jury.

C.    *Attorneys' Fees*

As the prevailing party, Pathan seeks attorneys' fees in the amount of $48,300. Defendants oppose this request and argue the attorneys' fees sought are excessive and should be reduced to no more than $7,500. Under the FLSA, the prevailing parties are entitled to attorneys' fees. The FLSA states: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 28 U.S.C. § 216(b); *Prater v. Commerce Equities Mgmt. Co., Inc.*, Civil Action No. H-07-2349, 2008 WL 5140045, at *2 (S.D. Tex. Dec. 8, 2008) (Rosenthal, J.).

Attorneys' fees requests within the Fifth Circuit are governed by the "lodestar"

6

analysis. *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996); *Turner v. Oxford Mgmt. Serv., Inc.*, 552 F. Supp. 2d 648, 650 (S.D. Tex. 2008) (Atlas, J.).  The lodestar is the product of the number of hours reasonably expended on the litigation multiplied by the movant's attorneys' reasonable hourly billable rate.  *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 331 (5th Cir. 1995).

Under the lodestar analysis, the movant bears the burden of establishing the appropriate hours and hourly rates and that they exercised billing judgment.  *See Hensley*, 461 U.S. at 427; *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006); *Walker v. City of Mesquite, Tex.*, 313 F.3d 246, 251 (5th Cir. 2002).  Billing judgment requires documentation of the hours charged and of hours not charged because they were unproductive, excessive, or redundant.  *Saizan*, 448 F.3d at 799.  The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment.  *Id.*; *Walker*, 313 F.3d at 251.  The movant can only meet his burden by presenting evidence that is adequate for a court to determine what hours should be included in the reimbursement.  *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990).  Thus, courts generally require the

7

movant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours. *Id.* If the documentation is vague or incomplete, a court may reduce the hours. *Kellstrom*, 50 F.3d at 324.

Once the lodestar figure is determined, the court may adjust the figure upward or downward as necessary to make the award of attorneys' fees reasonable, while ensuring the fee award does not provide a windfall to the plaintiff. *See Hensley*, 461 U.S. at 429. Although courts have "broad discretion in setting the appropriate award of attorneys' fees," there is a strong presumption that the lodestar amount is reasonable and should be modified only in exceptional cases. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Saizan*, 448 F.3d at 800. In deciding whether to make an adjustment to the lodestar figure, courts are instructed to consider twelve factors articulated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). Those factors include:

(1) The time and labor required to represent the clients;

(2) The novelty and difficulty of the issues in the case;

(3) The skill required to properly perform the legal services;

(4) Preclusion of other employment by the attorney due to acceptance of the case;

(5)   The customary fee charged for those services in the relevant community;

(6)   Whether the fee is fixed or contingent;

(7)   The time limitations imposed by the client or circumstances;

(8)   The amount involved and the results obtained;

(9)   The experience, reputation, and ability of attorneys;

(10)  The undesirability of the case;

(11)  The nature and length of the professional relationship with the client; and

(12)  Awards in similar cases.

*Id.* at 717–19.  Courts are to give "special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation, and ability of counsel." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).  But the most critical factor in the analysis is the "degree of success obtained." *Id.*; *see also Farrar v. Hobby*, 506 U.S. 103, 114 (1992); *Hensley*, 461 U.S. at 436.  Moreover, some of these factors are often subsumed in the initial lodestar calculation.  *See Saizan*, 448 F.3d at 800.  Thus, if the calculation of the lodestar figure already took a specific factor into account, courts cannot consider it to adjust the lodestar value.  *Id.*  Doing so would be impermissible double counting. *Id.* at 800 (citing *Migis*, 135 F.3d at 1047).  With this guidance, the Court will

9

determine the loadstar figure and then determine whether any adjustments are necessary.

### 1.    Hourly Rate

The Court's first step in computing the lodestar figure is to determine the reasonable hourly rate.  In setting a reasonable billing rate, courts are directed to consider the attorney's regular rates as well as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).  The movant bears the burden of proving the prevailing market rate and presenting evidence from which the courts can determine the reasonableness of such rate. *Riley*, 99 F.3d at 760.  Evidence of reasonableness of a proposed hourly rate must include an affidavit of the attorney performing the work in addition to information about rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896.  Courts may also use their own expertise and judgment to make an independent determination of the value of an attorney's services. *Hilton v. Exec. Self Storage Assoc., Inc.*, Civil Action No. H-06-2744, 2009 WL 1750121, at *9 (S.D. Tex. June 18, 2009) (Rosenthal, J.) (citing *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty*, 526 F.2d 865, 868 (5th Cir. 1976).  But where "the attorney's normal billing rate is within the range of market rates for attorneys with similar skill and experience, and the trial court chooses a different rate, the court must

articulate its reasons for doing so." *Islamic Ctr. of Miss. v. Starkville*, 876 F.2d 465,

469 (5th Cir. 1989), *receded from on other grounds by, Shipes v. Trinity Indus.*, 987

F.2d 311 (5th Cir. 1993).

In the present case, Pathan's lead counsel, Salar Ali Ahmed ("Mr. Ahmed"),

of the law firm Ali S. Ahmed, P.C., billed for his services at a rate of $300 per hour.

According to Mr. Ahmed's affidavit, Mr. Ahmed's law practice concentrates in the

area of labor and employment law, and for the past seven years he has focused

primarily on unpaid overtime litigation pursuant to the FLSA. Mr. Ahmed states he

has tried nine cases to verdict and that $300 per hour is within the range of his

customary hourly fee, which is between $250 and $325 per hour for similar cases.

Additionally, Mr. Ahmed states he is familiar with the typical reasonable hourly fees

charged by lawyers practicing in the labor and employment field in Houston, Texas,

and it is his opinion that $300 per hour is currently a customary and reasonable fee

for litigating an FLSA overtime compensation case.

The Court notes from Mr. Ahmed's affidavit that in two of Mr. Ahmed's recent

FLSA cases, he received attorneys' fees awards based on an hourly rate of $275 per

hour. *See, e.g., Moinuddin Qazi v. Hou. Corner Store, Inc.*, No. 09-1782 (S.D. Tex.

filed July 9, 2009) (Ellison, J.) (final judgment entered on Oct. 8, 2010); *Rabia Detho

v. Asia Bilal, et al.*, No. 07-2160 (S.D. Tex. filed July 3, 2007) (Rosenthal, J.) (final

judgment entered on Feb. 2, 2009). Additionally, the Court takes judicial notice of the Texas State Bar's, *2009 Hourly Fact Sheet*, which indicates the median hourly rate in 2009 for Houston-based labor-employment attorneys was $266.[3] Aside of this affidavit, Pathan presents no other evidence that $300 per hour is a reasonable billing rate for Mr. Ahmed's services in this case. Thus, the Court finds $275 per hour is reasonable and consistent with hourly rates charged by comparable labor and employment attorneys in the Houston area.

2.    *Number of Hours Expended*

The Court's second step in determining the lodestar figure is to determine whether the hours claimed were reasonably expended on the litigation. In determining whether the number of hours expended on a matter is reasonable, courts are to review time records supplied by the movant and exclude from the lodestar calculation all time that is "excessive, duplicative, or inadequately documented." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (citing *Hensley*, 461 U.S. at 432). In doing so, courts should examine both whether the total number of hours claimed is reasonable and whether specific hours claimed were reasonably expended. *League*

---

[3] *See* TEXAS STATE BAR, DEP'T OF RESEARCH & ANALYSIS, 2009 HOURLY FACT SHEET 9 (2010), *available at* http://www.texasbar.com/AM/Template.cfm?Section=Research_and_Analysis&Template=/CM/ContentDisplay.cfm&ContentID=11240.

*of United Latin Am. Citizens # 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232

(5th Cir. 1997). If the hours are not reasonably expended, they should be excluded

from the initial fee calculation. *Kellstrom*, 50 F.3d at 324.

In the present case, Mr. Ahmed's affidavit and a detailed billing record indicate

he expended 161 hours litigating this case. Defendants object to this number as being

excessive. Defendants' specific objections and the Court's findings are as follows:

- Defendants object to Mr. Ahmed billing 3.0 hours, or $900, for traveling to the

  court and having the clerk certify summons on Defendants. The Court notes

  Mr. Ahmed's billing record does not indicate which part of this three hours

  was expended on travel and which part of it was expended on attorney specific

  work. Moreover, Pathan has submitted no other evidence demonstrating that

  it is customary for attorneys to bill at their full hourly rate for travel time. *See,*

  *e.g., Lewallen v. City of Beaumont*, Civil Action No. 1:05-CV-733-TH JURY,

  2009 WL 2175637, at *10 (E.D. Tex. July 20, 2009) ("In the fee-shifting

  context, compensating travel time at 50% of actual time is a common practice

  within the Fifth Circuit."), *aff'd in part*, 2010 WL 3303756, at *7 (5th Cir.

  2010) (affirming the district court's award of costs and fees but reversing and

  rendering on other grounds). Thus, the Court finds Mr. Ahmed's July 14, 2009

  billing entry for 3.0 hours to certify summons on Defendants is both vague and

13

excessive, and the Court determines the entry for this event should be reduced to 1.0 hours.

- Defendants object to Mr. Ahmed billing a total of 7.1 hours, or $2,130, for drafting, finalizing, and filing a joint discovery/case management plan. The joint discovery/case management plan on file in this case is a total of eight pages, five of which contain standard preliminary statements concerning the case. Mr. Ahmed is a relatively experienced attorney who has been prosecuting FLSA-type cases for the past seven years, nine cases of which he has tried to verdict. Given Mr. Ahmed's experience, a joint discovery/case management plan is hardly the task that should take nearly a full working day to complete. Thus, the Court finds expending 7.1 hours drafting, finalizing, and filing the joint discovery/case management plan in this case is excessive and determines the September 28, 2009 billing entry for 3.5 hours, the September 30, 2009 billing entry for 2.8 hours, and the September 30, 2009 billing entry for 0.8 hours should be reduced to a total of 4.0 hours.

- Defendants object to Mr. Ahmed billing 12.4 hours, or $3,720, for drafting and filing a joint pretrial order. A review of Mr. Ahmed's billing record does not indicate, however, that Mr. Ahmed expended 12.4 hours drafting and filing a joint pretrial order. Rather, the billing record indicates Mr. Ahmed billed 13.6

14

hours, or $4,080, for doing so. The Court notes that 7.5 of these hours were expended solely on drafting Pathan's portion of the actual order, and 3.3 hours were expended securing and incorporating Defendants' portion of the order. The Court notes that this case was a relatively simple case—neither party took depositions, neither party filed motions for summary judgment, there were no hearings, there was no mediation, and each side examined only two witnesses at trial. Additionally, neither Pathan nor Mr. Ahmed offer argument or evidence for why so much time was expended on drafting and filing a joint pretrial order given the simplicity of this case. Thus, the Court finds expending a total of 13.6 hours on such a task is excessive and determines that the September 22, 2010 entry for 6.5 hours and the September 24, 2010 entry for 1.0 hours should be reduced to a total of 5.0 hours. Further, the Court determines the September 27, 2010 entry for 0.8 hours and the September 27, 2010 entry for 2.5 hours should be reduced to a total of 2.0 hours. Considering the September 27, 2010 entry for 2.8 hours, for which the Court does not find a reduction necessary, the Court's calculation results in a total of 9.8 hours for drafting and filing a joint pretrial order.

- Defendants object to Mr. Ahmed's duplicate billing for drafting Pathan's certificate of service of interested parties. Mr. Ahmed's billing record shows

an entry for this service under two different billing headings: (1) Pre-Trial Pleadings; and (2) Correspondence and Communication.  Under the first heading, Mr. Ahmed billed 0.8 hours, or $240, for this service, and under the second heading, Mr. Ahmed billed 1.6 hours, or $480, for the same service in addition to a variety of other services.  Neither Pathan nor Mr. Ahmed offer an explanation for the apparent duplicate billing, and the Court can discern no reason why such would be the case. Thus, the Court finds duplicate billing for the same service is unreasonable and determines that the June 9, 2009 entry under the Pre-Trial Pleadings heading should be eliminated entirely.

- Defendants object to Mr. Ahmed billing 2.3 hours, or $690, for securing service of subpoena on Pathan's own witness.  Pathan offers no responsive argument or supporting evidence for why such time and amount should be sustained.   Thus, the Court finds expending 2.3 hours on such a task is excessive and determines the November 11, 2010 entry for 2.3 hours should be reduced to 1.0 hours.

- Finally, Defendants object to Mr. Ahmed billing 3.5 hours, or $1,050, for drafting summons to be served upon Defendants, assembling the summons with the Court's order of conference, Pathan's original complaint and certificate of interested parties, and delivering all of same to a service

16

processor company. This billing entry also includes travel time but does not indicate how much of the time was expended on travel. Again, Pathan offers no responsive argument or supporting evidence justifying this entry. Thus, the Court finds expending 3.5 hours on such a task is vague and excessive, and the Court determines the July 22, 2009 entry for 3.5 hours should be reduced to 2.0 hours.

In addition to the Court's findings on Defendants' objections, the Court makes additional findings concerning the number of hours claimed.

- Mr. Ahmed billed 3.0 hours, or $900, for attending an initial scheduling conference with United States Magistrate Judge Stephen Smith. The billing entry indicates travel time is included but again does not indicate how much of the time was expended on travel. Pathan presents no other evidence demonstrating that it is customary for attorneys to bill at their full hourly rate for travel time. *See Lewallen*, 2009 WL 2175637, at *10. Thus, the Court finds Mr. Ahmed's September 29, 2009 billing entry for 3.0 hours to attend an initial pretrial conference is both vague and excessive, and the Court determines the entry for this event should be reduced to 1.5 hours.

- Mr. Ahmed billed 8.0 hours, or $2,400, for drafting Pathan's memorandum of law and conducting legal research on FLSA in general, including computation

of hours worked, computation of wages, liquidated damages, attorneys' fees, and the definition of "employer" under the FLSA. As stated previously, this was a relatively simple case containing no novel issues, Mr. Ahmed has seven years experience prosecuting FLSA-type cases, and he has tried nine similar cases to verdict. Additionally, the law on FLSA overtime compensation cases is well settled, and Pathan offers no evidence on why it would take an attorney, experienced in this area, a full working day to research and draft a legal memorandum on such issues. Thus, the Court finds Mr. Ahmed's September 20, 2010 billing entry for 8.0 hours to perform the abovementioned tasks is both unnecessary and excessive, and the Court determines the entry for this event should be reduced to 4.0 hours.

- Mr. Ahmed billed 8.5 hours, or $2,550, for drafting the present motion pending before the Court, filling out a bill of costs, assembling and researching all cost details, drafting an attorneys' fees billing summary, conducting legal research on liquidated damages and attorneys' fees, and assembling cases for exhibits. For the reasons just stated, the Court finds Mr. Ahmed's December 7, 2010 billing entry for 8.5 hours to perform these tasks is both unnecessary and excessive. Thus, the Court determines the entry for this event should be reduced to 4.0 hours.

18

- Mr. Ahmed billed 6.8 hours, or $2,040, for finalizing the present motion pending before the Court and for drafting and executing his affidavit supporting the request for attorneys' fees. Again, for the reasons just stated, the Court finds Mr. Ahmed's December 8, 2010 billing entry for 6.8 hours to perform this task is unnecessary, duplicative, and excessive. Thus, the Court determines the entry for this event should be excluded completely.

Based on the foregoing, the Court determines the number of hours reasonably expended by Mr. Ahmed to be: 131.7. Thus the lodestar figure is $36,217.50.[4]

3.   *Adjusting the Lodestar Figure*

The Court will now review each of the Johnson factors to determine whether the lodestar figure should be adjusted.

- *Time and labor involved*: This factor was subsumed in the Court's analysis of the number of hours claimed and in calculating the lodestar figure. Thus, no additional adjustment can be made under this factor. *See Saizan*, 448 F.3d at 800.

- *The novelty and difficulty of the issues*: As stated previously, this case was a relatively simple case. The issues were neither novel nor complex. Nevertheless, this case did require some level of specialized knowledge in the

---

[4]   Calculated as: ($275 x 131.7) = $36,217.50.

area of labor and employment law, and the Court finds that Mr. Ahmed supplied that expertise. Thus, no adjustment is necessary under this factor.

- *Skill required to perform the legal services properly*: The skill required to perform the legal services properly in this case was that of a competent attorney with an understanding of the FLSA. The Court finds that Mr. Ahmed meets those qualifications and that no additional skill was required of him in performing his services. Thus, no adjustment is necessary under this factor.

- *Preclusion of other employment due to this case*: Neither party has offered any evidence that preclusion of other employment was an issue in this case. Thus, no adjustment is necessary under this factor.

- *Customary fee*: This factor was subsumed in the Court's analysis of the hourly rate claimed and the calculation of the lodestar figure. Thus, no additional adjustment can be made under this factor. *See Saizan*, 448 F.3d at 800.

- *Whether the fee was fixed or contingent*: This factor is inapplicable to this case.

- *Time limitations imposed by the client or circumstances*: Neither party has offered argument or evidence that time limitations were an issue in this case. Thus, no adjustment is necessary under this factor.

- *Amount involved and results obtained*: Pathan's original complaint sought damages for overtime compensation in the amount of $12,000. However, on

20

the day of trial, Pathan offered a corrected damage calculation in the amount of $2,794.50. Throughout trial, this damage calculation remained the same, and the jury returned a verdict for this amount. Therefore, because Pathan received the amount he sought, the Court finds adjustment to the lodestar is unnecessary based on this factor.

- *Experience, reputation, and ability of counsel*: This factor was taken into consideration in determining the appropriate hourly rate. Thus, no adjustment is necessary under this factor.

- *Undesirability of the case*: Neither party has presented argument or evidence that this factor was an issue in this case. Thus, no additional adjustment can be made under this factor. *See Saizan*, 448 F.3d at 800.

- *Nature and length of the professional relationship*: Neither party has presented argument or evidence that this factor was an issue in this case. Thus, no adjustment is necessary under this factor.

- *Awards in similar cases*: The Court notes there is a strong presumption of reasonableness of the lodestar figure. *Saizan*, 448 F.3d at 800. Additionally, it is not uncommon in FLSA cases for attorneys' fees requests to exceed the judgment in the case. *See Prater*, 2008 WL 5140045, at *3. Based on the circumstances in this case, the Court finds the lodestar figure is reasonable and

consistent with awards in other similar cases.

Accordingly, the Court finds that no further adjustments to the lodestar figure are necessary, and the Court awards attorneys' fees in the amount of $36,217.50.

D.    *Post-Judgment Interest*

Pursuant to 28 U.S.C. § 1961 ("§ 1961"), Pathan requests, and Defendants do not oppose, post-judgment interest at a rate of 0.28% per annum.   Under § 1961, interest is allowed on a money judgment in a civil case recovered in district court. 28 U.S.C. § 1961(a).   Moreover, the interest is computed daily to the date of payment and compounded annually.   *Id.* § 1961(b).   A court has discretion to impose a post-judgment interest award to make a plaintiff whole.   *Williams v. Trader Pub. Co.*, 218 F.3d 481, 488 (5th Cir. 2000); *Watkins v. Input/Output, Inc.*,  531 F. Supp. 2d 777, 788 (S.D. Tex. 2007) (Hittner, J.).   Accordingly, a court may impose the federal rate of interest but is not bound to do so.   *See Watkins*, 531 F. Supp. 2d at 788.   In this case, the Court finds the current federal interest rate, 0.27%, is appropriate to make Pathan whole.[5]

E.    *Taxable Costs*

Finally, Pathan seeks to recover taxable court costs.   According to Pathan's bill

---

[5] The post-judgment interest rate for judgments entered between January 17, 2011 and January 23, 2011 is 0.27%.

of costs, Pathan seeks taxable costs in the amount of $1,031.50.  Defendants do not

object to this request.  Therefore, noting there is a strong presumption under Rule

54(d)(1) of the Federal Rules of Civil Procedure that the prevailing party will be

awarded costs, the Court awards taxable costs, without reduction, in the amount of

$1,031.50.  *See* FED. R. CIV. P. 54(d)(1); *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578,

586 (5th Cir. 2006).

## CONCLUSION

Accordingly, the Court hereby

ORDERS that Plaintiff Aijaz Gul Pathan's Motion for Entry of Judgment,

Liquidated Damages, Post-Judgment Interest, Attorneys' Fees, and Taxable Costs

(Document No. 42) is GRANTED IN PART and DENIED IN PART.  The Court

further

ORDERS that Pathan's request for entry of judgment is GRANTED.  Plaintiff

Aijaz Gul Pathan shall recover $2,794.50 plus interest in overtime compensation from

Defendants Basit Enterprises, Inc. and Basit Jalili.  The Court further

ORDERS that Pathan's request for liquidated damages is GRANTED. Plaintiff

Aijaz Gul Pathan shall recover $2,794.50 plus interest in liquidated damages from

Defendants Basit Enterprises, Inc. and Basit Jalili.  The Court further

ORDERS that Pathan's request for attorneys' fees is GRANTED IN PART and

DENIED IN PART. Plaintiff Aijaz Gul Pathan shall recover $36,217.50 in attorneys' fees from Defendants Basit Enterprises, Inc. and Basit Jalili.  The Court further

      ORDERS that Pathan's request for taxable costs is GRANTED.  Plaintiff Aijaz Gul Pathan shall recover $1,031.50 in costs from Defendants Basit Enterprises, Inc. and Basit Jalili.  The Court further

      ORDERS that post-judgment interest is 0.27%.

      SIGNED at Houston, Texas, on this ___18___ day of January, 2011.

DAVID HITTNER
United States District Judge
